UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RICHARD R. HOLLEY, JR., Plaintiff, vs. DAVOL INC. and C.R. BARD, INC., Defendants. | : | 08-CV-6097 |

ANSWER AND AFFIRMATIVE DEFENSES AND JURY DEMAND
OF DEFENDANTS DAVOL INC. AND C.R. BARD, INC.

Defendants Davol Inc. ("Davol") and C.R. Bard, Inc. ("Bard"), (collectively, "Defendants") by and through counsel, answer the Plaintiff's Complaint (the "Complaint") as follows:

## NATURE OF THE ACTION

1. The allegations in Paragraph 1 of the Complaint are conclusions of law to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

## PARTIES

2. Paragraph 2 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

3. Davol admits that it is a wholly owned subsidiary of C.R. Bard, Inc. and that it is organized under the laws of the State of Delaware with its principal place of business at 100

Sockanosset Crossroad, Cranston, Rhode Island, where it has, at various times, conducted limited manufacturing of the Composix® Kugel® Patch. Davol admits that its resident agent in Rhode Island is CT Corporation System located at 10 Weybosset Street, Providence, Rhode Island. Davol further admits that it focuses its business on products in innovative key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy. Davol admits that it conducts business throughout the United States, including the States of New York, Rhode Island, and Texas. Davol denies any remaining allegations in this paragraph.

4. Bard admits that it is organized under the laws of the State of New Jersey and that Davol is its subsidiary. Bard further admits that it does business throughout the United States, including the States of New York, Rhode Island, and Texas. Bard denies each and every remaining allegation in Paragraph 4.

JURISDICTION AND VENURE

5. The allegations in Paragraph 5 of the Complaint are conclusions of law to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

6. The allegations in Paragraph 6 of the Complaint are conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations.

GENERAL ALLEGATIONS

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

8. Defendants admit that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral hernias when used by prescribing physicians in accordance with its accompanying labeling information. The remaining allegations in this paragraph are medical conclusions to which no answer is required. To the extent an answer is required, Defendants deny the remaining allegations.

9. Defendants admit that Bard entered into an asset purchase agreement with Surgical Sense Inc. in January 2000. Bard denies that it assumed any liability of Surgical Sense Inc.

10. Defendants admit that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral hernias when used by prescribing physicians in accordance with its accompanying labeling information. Answering further, Defendants admit that the Composix® Kugel® Hernia Patch utilizes the "memory recoil ring" technology.

11. The allegations in Paragraph 11 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

12. The allegations in Paragraph 12 and its subparts (a) though (f) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

13. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval. Defendants admit that the federal Food and Drug Administration categorizes a "Class

I" recall as potentially life threatening or posing a potential for serious bodily harm. Defendants deny any remaining allegations contained in Paragraph 13.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

15. The allegations in Paragraph 15 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

16. The allegations in Paragraph 16 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

17. Defendants deny the allegations. Defendants state that at all relevant times they timely informed the FDA of all reportable medical device reports of which they were aware. Defendants' ability to inform the public is controlled by FDA regulations, which were complied with. The remaining allegations in this paragraph are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

18. The allegations in Paragraph 18 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

19. The allegations in Paragraph 19 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

PLAINTIFF'S EXPERIENCE

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

21. Defendants admit that Davol designed, distributed, conducted limited manufacturing of, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. The remaining allegations in this paragraph are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

23. The allegations in Paragraph 23 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

COUNT I

Unfair and Deceptive Trade Practices Under Rhode Island State Law

24. In response to Paragraph 24 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

25. Davol admits that it designed, conducted limited manufacturing of, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 25 of the complaint, Davol does not know what is meant by "assembled" or "conveyed" beyond the meanings of "manufactured" and "distributed" which have been

addressed above. Davol accordingly denies the remaining allegations. Bard denies each and every allegation presented in Paragraph 25.

26. The allegations in Paragraph 26 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

27. The allegations in Paragraph 27 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

28. The allegations in Paragraph 28 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

29. The allegations in Paragraph 29 of the Complaint are conclusions of law, to which no answer is required. To the extent that a response is required, Defendants deny the allegations.

30. The allegations in Paragraph 30 of the Complaint are conclusions of law, to which no answer is required. To the extent that a response is required, Defendants deny the allegations.

31. The allegations in Paragraph 31 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

32. The allegations in Paragraph 32 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

33. The allegations in Paragraph 33 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

COUNT II

Negligence

35. In response to Paragraph 35 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

36. The allegations in Paragraph 36 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

37. The allegations in Paragraph 37 of the Complaint are conclusions of law, to which no response answer is required. To the extent that a response is required, Defendants deny the allegations.

38. The allegations in Paragraph 38 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

39. The allegations in Paragraph 39 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

40. The allegations in Paragraph 40 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

41. The allegations in Paragraph 41 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

42. The allegations in Paragraph 42 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

43. The allegations in Paragraph 43 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

44. The allegations in Paragraph 44 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

45. The allegations in Paragraph 45 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

## COUNT III

## Strict Liability

46. In response to Paragraph 46 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

47. The allegations in Paragraph 47 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

48. Davol admits that it designed, conducted limited manufacturing of, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 48 of the complaint, Davol does not know what is meant by "assembled" or "conveyed" beyond the meanings of "manufactured" and "distributed" which have been addressed above. Davol accordingly denies the remaining allegations. Bard denies each and every allegation presented in Paragraph 48.

49. The allegations in Paragraph 49 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

52. The allegations in Paragraph 52 and its subparts (a) though (j) are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

53. The allegations in Paragraph 53 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

## COUNT IV

### Intentional Infliction of Emotional Distress

54. In response to Paragraph 54 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

55. The allegations in Paragraph 55 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

56. The allegations in Paragraph 56 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

57. The allegations in Paragraph 57 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

58. The allegations in Paragraph 58 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

59. The allegations in Paragraph 59 of the Complaint are conclusions of law, to which no response is required. To the extent response is required, Defendants deny the allegations.

## COUNT V

### Breach of Implied Warranty

60. In response to Paragraph 60 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

61. The allegations in Paragraph 61 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

62. The allegations in Paragraph 62 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

63. The allegations in Paragraph 63 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny those allegations.

65. The allegations in Paragraph 65 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

66. The allegations in Paragraph 66 of the Complaint are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

COUNT VI

Failure to Warn

67. In response to Paragraph 67 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

68. Davol admits that it designed, conducted limited manufacturing of, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its

accompanying labeling information. Bard denies each and every allegation presented in Paragraph 68.

69. The allegations in Paragraph 69 are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

70. The allegations in Paragraph 70 are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

71. The allegations in Paragraph 71 are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny those allegations.

73. The allegations in Paragraph 73 are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

74. The allegations in Paragraph 74 are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

6. Plaintiff's, or Plaintiff's agents', including Plaintiff's physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiff's claims in whole or in part.

7. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

9. If Plaintiff sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

10. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars Plaintiff's claims.

11. The learned intermediary doctrine bars Plaintiff's claims.

12. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions

and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

16. If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

17. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct these Defendants are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

18. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

19. Plaintiff failed to mitigate, which limits Plaintiff's damages, if any, in whole or in part.

20. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to it.

21. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiff's causes of action are barred in whole or in part by Plaintiff's own comparative negligence.

23. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

24. If Plaintiff have been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

26. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary

damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the New York Constitution.

27. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the New York Constitution.

28. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under New York and/or other applicable laws.

29. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than New York.

31. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

JURY TRIAL DEMAND

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: March 7, 2008

Respectfully submitted,

PEPPER HAMILTON LLP

/s/ Suzanne M. D'Amico
Suzanne M. D'Amico
Pepper Hamilton LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
212.808.2710 - direct
866.738.9621 - fax
damicos@pepperlaw.com

ATTORNEYS FOR DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC.